# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| KEWAN ROBERSON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CV418-082 |
| | ) | CR411-277 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

# **ORDER**

Kewan Roberson pled guilty to violating the terms of his supervised release, and was sentenced to 24 months' imprisonment. Doc. 40 at 1-2 (Judgment); doc. 41 at 1. He explains that the same conduct that violated the terms of his federal sentence also violated the terms of his state probation. Doc. 41 at 4. The state court sentenced him to serve the remainder of his sentence concurrently with his federal sentence. *Id.* at 5. His current motion, filed on a form petition for relief under 28 U.S.C. § 2255, seeks "jail time credits for the time he spent in federal detention awaiting to be transferred to the Bureau of Prisons." *Id.* at 5.

But § 2255 offers Roberson no relief here. That section only applies to challenge the propriety of the federal conviction or sentence

itself. Instead of attacking the validity of his conviction, Roberson challenges only its execution. He therefore he must proceed under 28 U.S.C. § 2241. *See, e.g., United States v. Barrio*, 428 F. App'x 944, 944 (11th Cir. 2011) ("A claim concerning credit for time served . . . should be filed as a writ of habeas corpus pursuant to 28 U.S.C. § 2241, against the [Bureau of Prisons]."); *United States v. Kinsey*, 393 F. App'x 663, 664 (11th Cir 2010) ("[A]n action brought pursuant to 28 U.S.C. § 2241 is the proper vehicle to challenge the execution of a sentence, rather than the validity of the sentence itself. [Cit.] It [*i.e.*, § 2241] is the appropriate means by which an inmate may challenge the Bureau of Prison's ("BOP") calculation and execution of his sentence." (cites omitted)). And this Court is not the proper forum for that claim.

Roeberson is currently incarcerated at the Federal Correctional Institution in Estill, South Carolina. *Id.* at 1. "Section 2241 petitions may be brought *only* in the district court for the district in which the inmate is incarcerated." *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991) (emphasis added); *Kinsey*, 393 F. App'x at 664 ("Unlike § 2255 motions, motions made pursuant to § 2241 must be brought only in the district court for the district in which the inmate is

incarcerated." (quotes and cite omitted)); *Williams v. Rivera*, 2011 WL 7005735 at * 1 (S.D. Ga. Dec. 11, 2011) (collecting cases).  Accordingly, the Clerk is **DIRECTED** to transfer this case to the District of South Carolina for all further proceedings.  *See* 28 U.S.C. § 121 ("South Carolina constitutes one judicial district . . . .").

**SO ORDERED,** this 16th of April 2018.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA